IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Martha Ballard, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  1:18-cv-19 |
| Southwest Credit System, LP, a Texas limited partnership, and Amsher Collection Services, Inc., an Alabama corporation, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Martha Ballard, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendants reside here.

**PARTIES**

3. Plaintiff, Martha Ballard ("Ballard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt, which she allegedly owed for cell phone services.

4. Defendant, Southwest Credit Systems, L.P. ("Southwest"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Southwest operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Southwest was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Amsher Collection Services, Inc. ("Amsher"), is an Alabama corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Amsher operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Amsher was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendants Southwest and Amsher are both authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

7. Defendants Amsher is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, both Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

8.      Defendant Southwest sent Ms. Ballard an initial form collection letter, dated June 25, 2017, demanding payment of a debt she allegedly owed for cell phone services to T-Mobile.  That collection letter contained the notice required by § 1692g of the FDCPA of her "validation rights", i.e., that she had 30 days to dispute the debt, etc.  A copy of this letter is attached as Exhibit C.

9.      Inexplicably, only four days later, Defendant Amsher also sent Ms. Ballard an initial form collection letter, dated June 29, 2017, demanding that she pay Amsher for the same debt for cell phone services to T-Mobile that Defendant Southwest had demanded she pay it.  This collection letter also contained the notice required by § 1692g of the FDCPA of her "validation rights", i.e., that she had 30 days to dispute the debt, etc.  There was, however, no information as to how Southwest's prior demand for payment and Amsher's current demand for payment fit together, why Amsher was now collecting the debt or why both Southwest and Amsher were collecting the same debt.  A copy of this letter is attached as Exhibit D.

10.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Defendants' conflicting collection demands left Plaintiff without the statutorily-required information of how long she had to exercise her validation rights, and to whom she had to exercise them, or to whom she needed to make payment – all of which is material information that would play a role in a consumer's decision of what to do about the collection of the debt at issue.

11. In fact, Defendants' "dueling" collection letters confused Plaintiff.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g –
## Ineffectively Conveying The 30-Day Validation Notice

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, the Defendants provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt and seek verification of it.

16. Although Defendant Southwest and Defendant Amsher provided the validation notice, they made those notices completely ineffective by trying to collect the same debt at the same time without any explanation as to how their conflicting demands for payment fit together. Defendants' form collection letters thus violates § 1692g of the FDCPA, see, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997).

17. Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

4

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendants, by attempting to collect the same debt at the same time, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692e Of The FDCPA –
## Deceptive And Misleading Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see, 15 U.S.C. §1692e.

24. Defendants, by demanding payment of the same debt at the same time, engaged in deceptive or misleading collection actions, in violation § 1692e of the FDCPA.

25. Defendant's violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

26. Plaintiff, Martha Ballard, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for cell phone services to T-Mobile, via the same form collection letters (Exhibits C and D), that

Defendants sent to Plaintiff, where the letters were sent within 30 days of each other, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' collection practices violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

27. Defendants regularly engage in debt collection, using the same collection practice and form letters they sent to Plaintiff Ballard, in their attempts to collect defaulted consumer debts from other consumers.

28. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letters they sent Plaintiff Ballard.

29. Plaintiff Ballard's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

31. Plaintiff Ballard will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Ballard has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Martha Ballard, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Ballard as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letters violates the FDCPA;

4. Enter judgment in favor of Plaintiff Ballard and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Martha Ballard, individually and on behalf of all others similarly situated, demands trial by jury.

Martha Ballard, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 3, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com